## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DIANE WILLIAMS**,

    Plaintiff,

vs.                                                                               **Case No: 8:04-CV-2298-T-30EAJ**

**HUNTINGTON BANCSHARES, INC.**,

    Defendant.

_____/

## ORDER

Before the court is Defendant's **Motion to Compel Plaintiff's Deposition, to Extend Defendant's Discovery Deadline, to Continue Mediation, and for Sanctions** (Dkt. 13), filed December 28, 2005, and Defendant's identical motion (Dkt. 14), filed on December 29, 2005. Plaintiff filed a response on January 3, 2006. (Dkt. 15).

Defendant states that on September 21, 2005, Defendant noticed Plaintiff for her deposition to occur on November 4, 2005. In a letter accompanying the notice, Defendant's counsel invited Plaintiff to contact him if this date was inconvenient. (Dkt. 13, Exhibit C). During the month of October 2005, Defendant's counsel sent Plaintiff two follow-up e-mail messages reminding Plaintiff of the deposition date (Dkt. 13, Exhibit D), and left Plaintiff a phone message reminding Plaintiff of the deposition date (Dkt. 13 at 2). Plaintiff did not respond to these messages. Id. Defendant's counsel flew from Columbus, Ohio to Tampa, Florida to take Plaintiff's deposition as scheduled on November 4, 2005. Id. at 3. Plaintiff did not appear for her deposition. Id.

Defendant requests that its expenses for the failed deposition be reimbursed and that Plaintiff be compelled to attend a deposition at a time convenient to Defendant. (Dkt. 13 at 3). Defendant also asks that the discovery deadline, originally set for November 17, 2005, be extended through

May 31, 2006, and that other pretrial deadlines be adjusted accordingly. Finally, Defendant requests that the court continue the obligation to mediate the case until discovery has been completed. The parties originally had a deadline of January 6, 2006 by which to specify a mediator and date for mediation. (Dkt. 12).

In Plaintiff's response, Plaintiff requests "dismissal" of the motion to compel based on frivolous timing of the motion. (Dkt. 15 at 1). Plaintiff argues that the motion to compel should be denied because Defendant had all relevant facts early in the case and rejected Plaintiff's settlement attempts during the prior EEOC investigation and during the early stages of the case. (Dkt. 15 at 2). This is totally without merit; a deposition of a party to a case is a routine matter. Nowhere in Plaintiff's response does she present any reason why she did not appear for her deposition, nor does Plaintiff even discuss the deposition at all. Plaintiff presents no reason why she would be unable to participate in a deposition. Defendant's motion to compel Plaintiff's deposition is therefore **GRANTED**. Plaintiff shall appear and have her deposition taken by Defendant at a time convenient to Defendant.

Although Plaintiff is appearing pro se, she is required to comply with discovery requirements and all other requirements of the Local Rules, M.D. Fla. and the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Plaintiff's failure to comply with Defendant's notice of deposition subjects her to the same sanctions that would apply to any non-compliant litigant. See id. (pro se litigant that ignores discovery orders is subject to sanctions just like any other litigant).

Considering that Defendant gave Plaintiff ample advance notice of the date of her deposition, allowed Plaintiff an opportunity to change the date, and Defendant incurred significant expense in

2

traveling to the deposition, an award of sanctions is appropriate. Defendant's request for sanctions is therefore **GRANTED**. Defendant has submitted an affidavit detailing the costs associated with travel to and preparation for the deposition, the court reporter's fees, and fees for time spent preparing the motion to compel,[1] totaling $1,610.52. (Dkt. 13 at Exhibit F). Plaintiff has not contested any of these amounts. As the amounts of these expenses are reasonable, Defendant is awarded sanctions in the amount of $1,610.52. Plaintiff is cautioned that refusal to participate in discovery could result in further sanctions up to and including dismissal of this action.

Due to the fact that Plaintiff's deposition has been thus delayed, a brief extension of the discovery deadline is warranted, but not to the extent sought by Defendant. Defendant's motion to extend Defendant's discovery deadline is **GRANTED IN PART** in that the deadline is extended through March 31, 2006; the motion is otherwise **DENIED**.

Finally, circumstances also warrant extending the deadline for selecting a mediator and mediation date until after discovery is completed. Defendant's motion to continue mediation is hereby **GRANTED**. Lead Counsel for purposes of mediation, Marc L. Fleischauer, is directed to file on or before April 7, 2006, a *Notice of Mediator Selection and Scheduling of Mediation* which includes the information specified in the court's order of December 1, 2005 (Dkt. 12). The mediation conference shall be conducted any time on or before May 31, 2006. All other terms of the court's December 1, 2005 order remain in effect.

---

[1] Where a motion to compel is granted, Rule 37, Fed.R.Civ.P., requires the court to grant the moving party reasonable expenses associate with making the motion, including attorney's fees, unless the court finds that the moving party did not first make a good faith effort to obtain the discovery without court action, or that such an award would be unjust. See Fed.R.Civ.P. 37(a)(4). An award of sanctions is appropriate in this situation, as Defendant made a good faith effort to obtain the discovery before filing his motion to compel and such an award is not unjust.

It is **ORDERED** and **ADJUDGED**:

(1) Defendant's **Motion to Compel Plaintiff's Deposition** (Dkt. 13) is **GRANTED**.

(2) Defendant's **Motion for Sanctions** (Dkt. 13) is **GRANTED**. Defendant is awarded sanctions from Plaintiff in the amount of $1,610.52.

(3) Defendant's **Motion to Extend Defendant's Discovery Deadline** (Dkt. 14) is **GRANTED IN PART** and the deadline extended through March 31, 2006, and **DENIED** as to all other relief requested. All other deadlines remain in effect.

(4) Defendant's **Motion to Continue Mediation** (Dkt. 14) is **GRANTED**. Lead Counsel shall file the required notice regarding mediation on or before April 7, 2006, and mediation shall be conducted on or before May 31, 2006.

**DONE** and **ORDERED** in Tampa, Florida this 12th day of January, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge

4