## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DIANE WILLIAMS**,

    Plaintiff,

vs.                                                 **Case No: 8:04-CV-2298-T-30EAJ**

**HUNTINGTON BANCSHARES, INC.**,

    Defendant.

_____/

### ORDER

Before the court are Plaintiff's **Motion for Reconsideration** (Dkt. 17), filed January 27, 2006, and **Motion to Confirm Defendant's Notice of Taking Deposition** (Dkt. 21), filed February 3, 2006. In the former motion, Plaintiff asks the court to reconsider it's order of January 12, 2006 granting Defendant's motion to compel Plaintiff's deposition and awarding Defendant sanctions in the amount of $1,610.52. (Dkt. 16). In the latter motion, Plaintiff confirms that she will be present for her deposition which was noticed by Defendant for February 20, 2006. (Dkt. 21). The court will address each motion in turn.

**I.  Motion for Reconsideration**

Reconsideration of a previous order is an extraordinary remedy, one that is reserved for those instances where the facts or law are so strongly convincing as to induce the court to reverse its prior decision. Ludwig v. Liberty Mutual Fire Insur. Co., No. 03-CV-2378-T, 2005 WL 1053691, at *3 (M.D. Fla. Mar. 30, 2005) (citations omitted). Courts have recognized three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F.Supp.2d 1306, 1308 (M.D. Fla. 1998) (citing Major v.

Benton, 647 F.2d 110, 112 (10th Cir. 1981)).

In the instant motion to reconsider, Plaintiff does not argue that there has been an intervening change in controlling law, present previously unavailable evidence, or show that reconsideration is necessary to correct clear error or manifest injustice. Plaintiff submits a list of exhibits concerning her efforts to comply with initial disclosure requirements, interrogatories, requests for production, and an attempt to schedule her deposition for August, 2005. (Dkt. 17 at 5-26). Plaintiff does not discuss her failure to appear for her deposition on November 4, 2005. Except for the one-page exhibit wherein Plaintiff suggests dates in August, 2005 for her deposition, Plaintiff's motion does not even allude to the failed deposition that was the subject of the January 12, 2006 order. (Dkt. 17 at 20). Participating in written discovery does not relieve a party of the duty to comply with a deposition obligation. Plaintiff does not argue or present evidence that the court's January 12, 2006 order is clear error or results in manifest injustice. As Plaintiff has not presented an adequate reason for the court to reconsider its prior ruling, Plaintiff's motion for reconsideration (Dkt. 17) is **DENIED**.

## II.     Motion to Confirm Defendant's Notice of Taking Deposition

Plaintiff states that she received an amended notice of deposition from Defendant setting the date of her deposition for February 20, 2006, and confirms that she will be present for this deposition. The certification Plaintiff submitted to the court is not necessary, requires no action from the court, and does not constitute a "motion." Plaintiff does not seek any relief from the court in this filing. Hence, Plaintiff's "motion to confirm" (Dkt. 21) is **STRICKEN**.

It is therefore **ORDERED** and **ADJUDGED**:

(1)     Plaintiff's **Motion for Reconsideration** (Dkt. 17) is **DENIED**.

(2)     Plaintiff's **Motion to Confirm Defendant's Notice of Taking Deposition** (Dkt. 21) is **STRICKEN**.

**DONE** and **ORDERED** in Tampa, Florida this 6th day of February, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

3