# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DIANE WILLIAMS**,

Plaintiff,

vs.                                                    **Case No: 8:04-CV-2298-T-30EAJ**

**HUNTINGTON BANCSHARES, INC.**,

Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's Affidavit of Indigency, filed on June 29, 2006. (Dkt. 38). The court has construed this filing as a motion for leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915. This matter has been referred to the undersigned by the district court for consideration and a Report and Recommendation. See Local Rules 6.01(b) and 6.01(c), M.D. Fla.

### A.  Factual Background

Plaintiff filed her complaint pro se on October 19, 2004, alleging racial discrimination by her former employer, Defendant Huntington National Bank. (Dkt. 1). Plaintiff claims that Defendant allowed a white bank teller to sell annuities and earn incentives but did not allow Plaintiff to do the same, in violation of Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. § 2000e-2(a), 42 U.S.C. § 1981, and the Florida Civil Rights Act, Fla. Stat. § 760.10(1).[1]

Defendant filed a motion for summary judgment on April 14, 2006 (Dkt. 29), which the District Judge granted on May 22, 2006 (Dkt. 33). Plaintiff filed a pro se notice of appeal on June

---

[1]Plaintiff did not seek to proceed in forma pauperis before the District Court, therefore Fed.R.App.P. 24(a)(3)—which governs the continuation of a plaintiff's in forma pauperis status for purposes of an appeal—is inapplicable to Plaintiff's current motion.

21, 2006 (Dkt. 35) and the instant motion for leave to appeal in forma pauperis on June 29, 2006 (Dkt. 38).

In her Affidavit of Indigency (Dkt. 38), Plaintiff states that she has been employed by Times Publishing Company for the past eight months as a Customer Relations Representative and earns $850.00 per month.  Plaintiff attests that her husband is unemployed but receives Social Security Disability income of $790.00 per month.  Plaintiff owns a home valued at approximately $90,000.00 and owes $52,000.00 on a mortgage on the house.  Plaintiff asserts that her monthly mortgage payments are $466.00 and her utilities payments amount to approximately $600.00 per month.  Plaintiff also claims that she owns a car worth $500.00, has $400.00 in savings, $700.00 in gifts or inheritances, and $2,500.00 in other sources.  Plaintiff states that she owes $1,600.00 to Capital One, towards which she pays $65.00 per month, and that she pays $315.00 per month for health insurance and $320.00 per month for life/auto insurance.

**B.  Legal Standards**

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. A litigant need not be "absolutely destitute" to qualify for indigent status under § 1915.  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted).  A trial court has wide discretion in determining whether to grant or deny a motion to proceed in forma pauperis.  Id. at 1306.

In order to succeed on a motion to appeal in forma pauperis, a plaintiff must show "a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous

argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991) (citing 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir. 1962)).  An appeal on a matter of law is frivolous "where none of the legal points are arguable on their merits." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (internal quotation and citation omitted).  Factual allegations are frivolous when they are "clearly baseless." Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

### C.  Discussion

The undersigned will first evaluate Plaintiff's financial status.  As outlined above, Plaintiff has monthly bills and debt obligations totaling $1,166.00 and, together with her husband, monthly income of $1,640.00.  Although Plaintiff is not "absolutely destitute," Plaintiff has shown the requisite financial inability to pay the cost of filing an appeal.  The undersigned therefore recommends that Plaintiff be found indigent for purposes of § 1915.

The court next considers whether Plaintiff's argument on appeal is frivolous.  The District Judge granted summary judgment to Defendant in an 18-page order; however, there were no findings of frivolousness as to Plaintiff's claim.  Accordingly, it does not appear that Plaintiff's appeal is frivolous even though the District Judge ruled that Plaintiff did not establish a prima facie case of racial discrimination.

Upon consideration of the forgoing, the undersigned recommends that Plaintiff's motion to appeal in forma pauperis be granted in light of Plaintiff's financial situation and because Plaintiff's argument is not based on indisputably meritless legal theory.

Accordingly and upon consideration, it is **RECOMMENDED** that:

1)      Plaintiff's motion for leave to appeal in forma pauperis (Dkt. 38) be **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida this    12th day of July, 2006.


ELIZABETH A JENKINS
United States Magistrate Judge




NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this

report within ten days from the date of its service shall bar an aggrieved party from attacking the

factual findings on appeal.  28 U.S.C. § 636(b)(1).



Copies to:
Pro se Plaintiff
District Judge